UNITED STATES BANKRUPTCY COURT
DISTRICT OF KANSAS AT KANSAS CITY

| | |
|---|---|
| In re: | |
| **Pinnacle Regional Hospital, Inc.,** *et al.*,[1] | Case No. 20-20219 |
| **Debtors.** | Chapter 7 |
| | (Jointly Administered) |
| **JAMES A OVERCASH, not individually, but solely as Chapter 7 Trustee of JOY'S MAJESTIC PARADISE, INC.,** | |
| **Plaintiff,** | |
| v. | |
| **ROJANA ENTERPRISES, INC.** | Adversary No. _____ |
| **Defendant.** | |

## COMPLAINT TO AVOID AND RECOVER TRANSFERS PURSUANT TO 11 U.S.C. §§ 502, 548, AND 550

Plaintiff James A. Overcash, not individually, but solely as Chapter 7 Trustee (the "Trustee") of Joy's Majestic Paradise, Inc., pursuant to sections 502, 548 and 550 of this title 11 of the United States Code (the "Bankruptcy Code"), hereby alleges for his Complaint (the "Complaint") against Rojana Enterprises, Inc. ("REI") and, upon information and belief as to all matters, represents as follows:

---

[1] The Debtors in this case are: Pinnacle Regional Hospital, Inc., Case No. 20-20219; Pinnacle Regional Hospital, LLC, Case No. 20-20221; Blue Valley Surgical Associates, LLC, Case No. 20-20222; Pinnacle Health Care System, Inc., Case No. 20-20224; Rojana Realty Investments, Inc., Case No. 20-20225; and Joy's Majestic Paradise, Inc., Case No. 20-20227.

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over this adversary proceeding (the "Adversary Proceeding"), which arises under and relates to cases under the Bankruptcy Code in the United States Bankruptcy Court for the District of Kansas (the "Court"), lead case number 20-20219, pursuant to 28 U.S.C. §§ 157 and 1334.

2. This is a core proceeding under 28 U.S.C. § 157(b)(2).

3. Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409(a).

## BACKGROUND

4. On February 12, 2020 (the "Petition Date"), Pinnacle Regional Hospital Inc. ("Pinnacle Hospital"), Pinnacle Regional Hospital, LLC ("Pinnacle Booneville"), Blue Valley Surgical Associates, LLC ("BVSA"), Pinnacle Health Care System, Inc. ("Pinnacle Health"), Rojana Realty Investments, Inc. ("Rojana"), and Joy's Majestic Paradise, Inc., ("Joy's" and together with the other debtors, collectively, the "Debtors") filed voluntary petitions for relief under chapter 11 title 11 of the United States Code (the "Bankruptcy Code"), thereby commencing the above-captioned bankruptcy cases (collectively, the "Bankruptcy Cases").

5. On March 30, 2020, the Trustee was appointed as the chapter 11 trustee in the Bankruptcy Cases (ECF No. 84).

6. On July 23, 2020, the Court entered its Order Granting Trustee's Motion to Convert Jointly-Administered Bankruptcy Cases to Chapter 7 of the Bankruptcy Code Pursuant to 11 U.S.C. 1112 (ECF No. 385) (the "Conversion Order").

7. Pursuant to the Conversion Order, on July 31, 2020, the Bankruptcy Cases converted to cases under Chapter 7 of the Bankruptcy Code.

8. On August 3, 2020, the Trustee was appointed as chapter 7 trustee in the Bankruptcy Cases.

9. On December 2, 2020, the Court entered its Memorandum Opinion and Judgment Ruling on Centinel Spine, LLC's Motion for Resolution of Dispute Chapter 7 Trustee Elections (the "Election Opinion") (ECF. No. 539), declaring the Trustee the elected Chapter 7 trustee in each of the Debtors bankruptcy cases except for Pinnacle Booneville. Larry Pittman was elected to serve as the Chapter 7 trustee in the Pinnacle Booneville case.

10. REI is a Nevada corporation with its principal place of business located at 14366 SW County Rd. 3988, Hume, MO 64752. Pursuant to Fed. R. Bankr. P. 7004(b)(3), REI may be served by mailing a copy of this Complaint and the Summons to REI's registered agent as follows: Francis Timothy Palzer 14366 SW County Rd. 3988, Hume, MO 64752.

11. Joy's is a Missouri corporation owned and previously controlled and operated by Douglas Palzer.

12. REI is a Nevada corporation owned, controlled and operated by Douglas Palzer.

13. Prior to the Petition Date, Joy's was the owner of property located in Linn County, Kansas as more particularly described on Exhibit A attached hereto (the "First Real Estate").

14. On April 5, 2018, Joy's transferred the First Real Estate to REI (the "First Transfer"). A true and correct copy of the deed evidencing the First Transfer is attached as Exhibit B hereto.

15. Prior to the Petition Date, Joy's was the owner of property located in Linn County, Kansas as more particularly described on Exhibit C attached hereto (the "Second Real Estate").

16. On April 5, 2018, Joy's transferred the Second Real Estate to REI (the "Second Transfer" and together with the First Transfer, collectively the "Transfers"). A true and correct copy of the deed evidencing the Second Transfer is attached as Exhibit D hereto.

17. Joy's was insolvent at the time of the Transfers.

18. Joy's received no consideration in exchange for the Transfers.

## COUNT I
### (Avoidance of Fraudulent Transfers Pursuant to § 548(a)(1)(B))

19. The Trustee repeats and realleges the allegations of paragraphs 1 through 18 of this Complaint as if fully set forth herein.

20. Joy's made the First Transfer to REI, which constituted a transfer of an interest of Joy's in property.

21. The First Transfer was made within two years before the Petition Date.

22. Joy's received no consideration in exchange for the First Transfer.

23. On the date the First Transfer was made, Joy's was insolvent or was rendered insolvent by the First Transfer.

24. Joy's insolvency at the time of the First Transfer is further evidenced by the fact that Joy's assets were worth significantly less than Joy's liabilities. *See* Joy's Chapter 11 Bankruptcy Schedules (ECF No. 37).

25. For these reasons, the Trustee may avoid, for the benefit of Joy's bankruptcy estate, the First Transfer as fraudulent under § 548(a)(1)(B) of the Bankruptcy Code.

## COUNT II
### (Avoidance of Fraudulent Transfers Pursuant to § 548(a)(1(B))

26. The Trustee repeats and realleges the allegations of paragraphs 1 through 25 of this Complaint as if fully set forth herein.

27. Joy's made the Second Transfer to REI, which constituted a transfer of an interest of Joy's in property.

28. The Second Transfer was made within two years before the Petition Date.

29. Joy's received no consideration in exchange for the Second Transfer.

30. On the date the Second Transfer was made, Joy's was insolvent or was rendered insolvent by the Second Transfer.

31. Joy's insolvency at the time of the Second Transfer is further evidenced by the fact that Joy's assets were worth significantly less than Joy's liabilities. *See* Joy's Chapter 11 Bankruptcy Schedules (ECF No. 37).

32. For these reasons, the Trustee may avoid, for the benefit of Joy's bankruptcy estate, the Second Transfer as fraudulent under § 548(a)(1)(B) of the Bankruptcy Code.

## COUNT III
### (Recovery of Avoided Transfers Pursuant to § 550(a))

33. The Trustee repeats and realleges the allegations of paragraphs 1 through 32 of the Complaint as though fully set forth herein.

34. The Defendant was the initial transferee of the Transfers.

35. To the extent that the Transfers are avoided pursuant to § 548 of the Bankruptcy Code, the Trustee may recover the First Real Estate and Second Real Estate transferred or the value of such property for the benefit of Joy's bankruptcy estate pursuant to § 550(a) of the Bankruptcy Code.

## COUNT IV
### (Disallowance of Claims Pursuant to § 502(d))

36. The Trustee repeats and realleges the allegations of paragraphs 1 through 35 of the Complaint as though fully set forth herein.

37. Under § 502(d) of the Bankruptcy Code, any claim the REI holds against the Debtors' bankruptcy estate should be disallowed in its entirety unless and until REI returns the Transfers or the value of the Transfers to the Trustee.

WHEREFORE, the Trustee respectfully requests that:

a. The Transfers be avoided pursuant to § 548 of the Bankruptcy Code;

b. Pursuant to § 550 of the Bankruptcy Code, REI be directed to return the First Real Estate and Second Real Estate to the Trustee or judgment be entered in favor of the Trustee and against REI in the amount of the value of the First Real Estate and Second Real Estate;

c. any and all claims held by REI against the Debtors' bankruptcy estates be disallowed pursuant to § 502(d) of the Bankruptcy Code unless and until the First Real Estate and Second Real Estate or the value of the First Real Estate and Second Real Estate is returned to the Trustee;

d. to the extent permitted under the Bankruptcy Code, awarding the Trustee prejudgment interest on its judgment against REI;

e. awarding the Trustee post-judgment interest against REI at the highest rate permitted by law; directing that all fees and costs, including filing fees of $350.00, be assessed against the Defendant; and

g. the Trustee be granted such other and further relief as is just and proper.

Date: May 13, 2021

**JAMES A. OVERCASH, not individually but solely as CHAPTER 7 TRUSTEE**

**STINSON LLP**

By: /s/ Nicholas J. Zluticky
Nicholas J. Zluticky KS # 23935
Michael P. Pappas. D. Kan. # 78856
1201 Walnut, Suite 2900
Kansas City, MO 64106

Telephone: (816) 842-8600
Facsimile: (816) 691-3495
Nicholas.zluticky@stinson.com
Michael.pappas@stinson.com

COUNSEL FOR THE TRUSTEE