IN THE UNITED STATES BANKRUPTCY COURT
DISTRICT OF KANSAS AT KANSAS CITY

| | |
|---|---|
| **Pinnacle Regional Hospital, Inc., et .al.,** ) | |
| ) | |
| **Debtors,** ) | |
| ) | Case No. 20-20219 |
| v. ) | |
| ) | |
| **JAMES A. OVERCASH. not individually, but** ) | Adversary No. 21-06019 |
| solely as Chapter 7 Trustee of JOY'S ) | |
| MAJESTIC PARADISE, INC.,** ) | |
| ) | |
| **Plaintiff,** ) | |
| v. ) | |
| ) | |
| **ROJANA ENTERPRISES, INC.** ) | |
| ) | |
| **Defendant.** ) | |

## DEFENDANT ROJANA ENTERPRISES' ANSWER TO COMPLAINT TO AVOID AND RECOVER TRANSFERS

COMES NOW Defendant Rojana Enterprises, Inc., (hereinafter REI) by and through Counsel Daniel E. Stuart of Law Office of Daniel E. Stuart, P.A., and for its Answer to any and all allegations and averments contained in Plaintiff James A. Overcash's Complaint to Avoid and Recover Transfers, as alleged and averred against Defendant REI, states as follows:

1. To the extent that paragraphs 1 through 3 are applicable to Defendant REI, REI admits the allegations and averments contained in paragraphs 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, and 12 of Trustee's Complaint.

2. REI denies the allegations and averments contained in paragraph 13 that Joy's Majestic Paradise was the correct owner of property located in Linn County, Kansas as more particularly described on Exhibit A attached to Plaintiff's Complaint. Further responding, Defendant REI states

that the purchase of the Linn County, Kansas property as described in Exhibit A of Plaintiff's Complaint was mistakenly listed as owned by Joy's Majestic Paradise, Inc.

3. REI admits the allegations and averments contained in paragraph 14 of Trustee's Complaint.

4. REI denies the allegations and averments contained in paragraph 15 that Joy's Majestic Paradise was the correct owner of property located in Linn County, Kansas as more particularly described on Exhibit A attached to Plaintiff's Complaint. Further responding, Defendant REI states that the purchase of the Linn County, Kansas property as described in Exhibit A of Plaintiff's Complaint was mistakenly listed as owned by Joy's Majestic Paradise, Inc.

5. REI denies that Joy's was the intended correct legal entity of the properties that Trustee Overcash alleges were fraudulently transferred and therefore denies the allegations and averments contained in paragraph 16. Further responding, REI states that the deed speaks for itself.

6. REI lacks sufficient information to admit or deny the allegations and averments contained in paragraph 17 of Trustee Overcash's Complaint and therefore denies same.

7. REI admits that Joy's received no consideration for the transfer of the real properties as alleged in paragraph 18 of Trustee Overcash's Complaint. Further responding, REI states that Joy's did not pay any consideration when the real properties were mistakenly named under Joy's.

## COUNT I: ANSWER TO AVOIDANCE OF FRAUDULENT TRANSFERS

8. In response to Paragraph 19 of Trustee's Complaint, to the extent that Count I is applicable to REI, REI incorporates by reference his Answer contained in paragraphs 1 through and including 7 of his Answer as though more fully set forth herein.

9. Regarding paragraph 20 of Trustee's Complaint, REI admits that a transfer was made from Joy's to REI but denies that any interest that was transferred was a financial gain or loss to Joy's

because Joy's was not the intended entity to be named on the deed when the real property was purchased.

10. REI admits the allegations and averments contained in paragraph 21 of Trustee's Complaint.

11. Regarding paragraph 22, REI states that Joy's received no consideration in exchange for the First Transfer as Joy's was not entitled to consideration in exchange for the First Transfer because Joy's was mistakenly named on the deed as opposed to REI.

12. REI admits the allegations and averments contained in paragraph 23 of Trustee's Complaint.

13. Paragraph 24 does not warrant a response and is repetitive and REI denies to the extent a response is warranted.

14. REI denies the allegations and averments contained in paragraph 25 of Count I of Trustee's Complaint.

## COUNT II: ANSWER TO AVOIDANCE OF FRAUDULENT TRANSFERS

15. In response to Paragraph 26 of Trustee's Complaint, to the extent that Count II is applicable to REI, REI incorporates by reference his Answer contained in paragraphs 1 through and including 25 of his Answer as though more fully set forth herein.

16. Regarding paragraph 27 of Trustee's Complaint, REI admits that a transfer was made from Joy's to REI but denies that any interest that was transferred was a financial gain or loss to Joy's because Joy's was not the intended entity to be named on the deed when the real property was purchased.

17. REI admits the allegations and averments contained in paragraph 28 of Trustee's Complaint.

18.     Regarding paragraph 29, REI admits that Joy's received no consideration in exchange for the Second Transfer as Joy's was not entitled to consideration in exchange for the Second Transfer because Joy's was mistakenly named on the deed as opposed to REI.

19.     REI admits the allegations and averments contained in paragraph 30 of Trustee's Complaint.

20.     Paragraph 31 does not warrant a response and is repetitive and REI denies to the extent a response is warranted.

21.     REI denies the allegations and averments contained in paragraph 32 of Count II of Trustee's Complaint.

### COUNT III: ANSWER

22.     In response to Paragraph 33 of Trustee's Complaint, to the extent that Count III is applicable to REI, REI incorporates by reference its Answer contained in paragraphs 1 through and including 21 of his Answer as though more fully set forth herein.

23.     Defendant admits the allegations and averments contained in paragraph 34 of Trustee's Complaint.

24.     REI denies the allegations and averments contained in paragraph 35 of Count II of Trustee's Complaint.

### COUNT IV: ANSWER

25..    In response to Paragraph 36 of Trustee's Complaint, to the extent that Count IV is applicable to REI, REI incorporates by reference its Answer contained in paragraphs 1 through and including 24 of his Answer as though more fully set forth herein.

26.     To the extent that Count IV is applicable to REI, REI denies the allegations and averments contained in Trustee's Complaint paragraph 37.

WHEREFORE, Defendant prays Trustee Overcash take naught by virtue of its Complaint, for judgment in favor of Defendant, and for such other and further relief this Court deems just in the premises.

## GENERAL DENIAL

27. REI denies any and all allegations and averments of Trustee's Complaint not specifically admitted within this Answer.

## AFFIRMATIVE DEFENSES

28. Trustee Overcash's Complaint and every Count contained therein fails to state a claim upon which relief can be granted.

29. This Court lacks subject-matter jurisdiction over this matter as asserted.

30. This Court lacks personal jurisdiction over this matter as asserted.

31. Plaintiff's claim is barred by failure of consideration, laches, payment, and waiver.

32. Defendant reserves the right to raise additional defenses as presented through the course of this litigation.

WHEREFORE, Defendant prays Trustee Overcash take naught by virtue of its Complaint, for judgment in favor of Defendant, and for such other and further relief this Court deems just in the premises.

Respectfully submitted by:

/s/ Daniel E. Stuart
Daniel E. Stuart    KBN 16490
Charles Edgeller    KBN 17531
4707 College Boulevard, Suite 208
Leawood, Kansas 66211
Phone: (913) 338-4500
Telefacsimile: (913) 338-4501
Dan@stuartlaw.net
Charlie@stuartlaw.net

ATTORNEYS FOR DEFENDANT REI

CERTIFICATE OF SERVICE

The undersigned hereby certifies that one true and correct copy of the foregoing pleading was served on Counsel for Trustee, Nicholas J. Zluticky, at Nicholas.Zluticky@stinson.com on this 14th day of September, 2021 and via the CM/ECF notification system.

/s/ Daniel E. Stuart
Daniel E. Stuart